FELDMAN & PIVNICK, INCORPORATED, A CORPORATION, PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE CITY OF EAST ORANGE, DEFENDANT.

Submitted February 16, 1928—Decided May 18, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Benjamin Newman.*

For the defendant, *Walter C. Ellis.*

PER CURIAM.

On July 12th, 1927, the relator applied to the building inspector of the city of East Orange for a permit to erect a four-story brick apartment house arranged for the occupancy of twenty-nine families on a tract of land owned by the relator in that city, and known as No. 240 North Grove street.

That application was refused on the ground (which was true in point of fact) that the zoning ordinance of the city prohibited such a building in the zone in which the property in question was located, it being located in "medium volume residence district," which prohibited the erection of an apartment house therein.

The prosecutor thereupon took an appeal to the board of adjustment, and that board, on September 7th, 1927, refused to make an exception to, or vary or modify the ordinance in favor of, the prosecutor as requested by the prosecutor, and affirmed the decision of the inspector of buildings.

Thereupon, on September 12th, 1927, the prosecutor obtained this writ to review the "decision" of the board.

We think the decision of the board cannot be disturbed.

The powers of the board of adjustment were defined by chapter 146 (*Pamph. L.* 1924, *p.* 324), and chapter 315 (*Pamph. L.* 1926, *p.* 526). Thereunder the board had power, among other things, to make special exceptions to, and in specific case make such variance from, the terms of the ordinance as would not be contrary to public interest, where, owing to special conditions, a literal enforcement would result in unnecessary hardship, and so that the spirit of the ordinance should be observed and substantial justice done; and further, to determine whether the ordinance, so far as it affected the use of the property in question, tended to promote the public morals, health, safety or welfare, and if it

did not in such instance, might modify or vary any requirement thereof. The board was also given power to administer oaths and compel attendance of witnesses.

Such board, when it acts, acts judicially on a lawful ascertainment of facts. *Bilt-Wel Co.* v. *Dowling,* 5 *N. J. Mis. R.* 180.

The presumption is that the requirements and regulations of the ordinance are reasonable unless the contrary is shown (*Burg* v. *Ackerman,* 5 *N. J. Mis. R.* 96), and there is a further presumption that the action of the board was right. *Silvester* v. *Princeton,* 5 *N. J. Adv. R.* 1801. It follows, therefore, that the action of the board in refusing to vary or modify the terms of the ordinance will not be disturbed unless its action is shown by lawful evidence to be wrong. *Oxford Construction Co.* v. *Orange, Ibid.* 729.

Now, we find nothing in the record before us to justify us in disturbing the decision of the board of adjustment in the present case, which was, apparently, that the instant case was not one of unnecessary hardship, and that to interfere would be contrary to the public interest and welfare.

So far as the record shows, the prosecutor offered no evidence whatsoever having a tendency to show that the finding of the board of adjustment was wrong; and neither does anything in the stipulation as to facts overcome the presumption that the board's action was right.

The writ will be dismissed, but without costs.